IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

URIEL LIRA-PEREZ                                                                                              PLAINTIFF

v.                                  Civil No. 12-2239

STATE OF ARKANSAS;
SEBASTIAN COUNTY, ARKANSAS;
SEBASTIAN COUNTY SHERIFF'S
DEPARTMENT; and JOHN DOE
DEFENDANTS                                                                                                    DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Uriel Lira-Perez, is currently incarcerated in the Giles W. Dalby Correctional Facility in Post, Texas. He has filed this action pursuant to the terms of the Civil Asset Forfeiture Reform Act. Specifically, he alleges the case is authorized by 18 U.S.C. §§ 983 & 985. He also maintains that his federal constitutional rights have been violated.

The case is before me on the Plaintiff's motion for leave to proceed *in forma pauperis* (IFP) and for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

#### 1. Background

According to the allegations of the complaint, Plaintiff was arrested on October 20, 2010. At the time he was arrested, $162 in United States currency, a 2007 Chevy Impala, and $1000 worth of cheese were seized by officers of the Sebastian County Sheriff's Office.

Plaintiff was criminally charged in this Court, *United States v. Nguyen, et al.,* 10-cr-20057.

Plaintiff entered into a agreement to plead guilty to Count 1 of the superseding indictment, conspiracy to distribute more than 50 grams of a mixture or substance containing methamphetamine. *Id.* at Doc. 176. In return, the government agreed to move for the dismissal of count 5 alleging illegal re-entry into the United States and asking for the forfeiture of all real or personal property, derived from, involved in, or used to facilitate, the offenses contained in the preceding counts. *Id.*

Plaintiff plead guilty on July 20, 2011, and was sentenced on December 1, 2011. *United States v. Nguyen, et al.,* 10-cr-20057, Docs. 175 & 218. He was sentenced to a term of imprisonment of 108 months. *Id.* He appealed and filed a motion for return of property. *Id.* at Docs. 221 & 249. The motion was denied on May 14, 2012, because the property had not been seized by federal authorities and was the subject of a forfeiture proceeding in the Sebastian County Circuit Court. *Id.* at 252

The State of Arkansas filed an *in rem* complaint in the Circuit Court of Sebastian County on October 25, 2010, seeking forfeiture of the $162 and the Impala.[1] *United States v. Nguyen, et al.,* 10-cr-20057, Doc. 251-1. The forfeiture complaint indicated the items were seized by Corporal Bryan Fuller and were in the custody of the Sebastian County Sheriff's Office. *Id.* A default judgment was entered against the Plaintiff on February 23, 2013. *Id.* at Doc. 251-2. The judgment indicates he was served. *Id.*

Plaintiff maintains the State of Arkansas did not follow the proper procedures in connection with the forfeiture and that he is entitled to a return of the property. He asserts he did not receive adequate notice of the forfeiture proceeding. Further he contends that because forfeiture of this property was not included in his federal criminal case that the state order was invalid. He maintains

---

[1] The Impala is listed as a 2006 model in the forfeiture complaint.

that the default judgment entered in state court did not prove he had notice of the forfeiture proceeding. He asserts claims under the Civil Asset Forfeiture Reform Act and the Constitution of the United States. As relief, Plaintiff seeks the return of his property or an award equal to its value, $16,162, compensatory damages in the amount of $13,500, and punitive damages in the amount of $10,000.

### 2. Discussion

In reviewing an IFP application (Doc. 4), there is a two step process followed by the Court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief.); *see also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his IFP application (Doc. 4), Plaintiff indicates he has no source of income and no assets. The records from the detention facility show his monthly balance averages twenty dollars. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for IFP status.

I turn to an examination of the claims asserted by Plaintiff. The claims brought under the Civil Asset Forfeiture Reform Act are subject to dismissal. The provisions apply to civil forfeiture actions brought by the United States or its agencies. 18 U.S.C. §§ 983 & 985.

Second, the claims against the State of Arkansas are subject to dismissal. The claims are

barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276, 106 S. Ct. 2932, 2939, 92 L. Ed. 2d 209 (1986)). "'This bar exists whether the relief sought is legal or equitable.'" *Id.* (*quoting Papasan*, 478 U.S. at 276). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991)(*citing Quern v. Jordan,* 440 U.S. 332, 342 (1979)).

### 3.  Conclusion

Accordingly, I recommend that the claims brought under the Civil Asset Forfeiture Reform Act and those brought against the State of Arkansas be dismissed. 28 U.S.C. § 1915(e)(2)(B)(i-iii). This leaves for later determination Plaintiff's claims against Sebastian County and the Sebastian County Sheriff's Office.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of April 2013.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE