IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

URIEL LIRA-PEREZ                                                                                        PLAINTIFF

V.                                              No. 2:12-cv-02239

SHERIFF BILL HOLLENBECK, Et al                                                           DEFENDANT

REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the Defendant's Motion to Dismiss (ECF No. 12) filed May 21, 2013. The Plaintiff filed his Response (ECF No. 15) on August 5, 2013 and the Defendant filed a Supplement (ECF No. 15) on August 6, 2013.

**I. Background**

The Plaintiff was arrested on October 20, 2010 on drug charges and a 2006 Chevy Impala and $162 were seized.[1] A confiscation report was completed by the arresting authorities but the Plaintiff refused to sign the form. (ECF No. 16-1, p. 38). On October 25, 2010 an In Rem Complaint was filed in the Circuit Court of Sebastian County seeking forfeiture of the 2006 Chevy Impala and $162. The Plaintiff was a named Potential Claimant. (ECF No. 16-1, p. 34). A

---

[1]The Plaintiff was initially charged in the Western District of Arkansans with conspiracy to distribute methamphetamine (2:10-cr-20057; ECF No. 1) on October 22, 2010. A superceding indictment was returned on January 13, 2011 with added the charge of illegal re-entry. (Id., ECF No. 108). On June 11, 2011 the Defendant executed a plea agreement (ECF 176) agreeing to plea guilty to the conspiracy charge and the government agreed to dismiss the illegal re-entry charge. (Id., ¶ 1). On December 2, 2011 Judgment was entered sentencing the Defendant inter alia to 108 months in prison. (ECF No. 218). The Defendant appealed his sentence to the Eighth Circuit Court of Appeals on December 12, 2011 (ECF No. 221) which affirmed the sentence on July 19, 2012 (ECF No. 255).
The Plaintiff subsequently filed a Motion to Dismiss the Indictment (ECF No. 256) on August 6, 2012 which was dismissed on September 19, 2012 (ECF No. 262). On November 6, 2012 the Plaintiff filed a Motion to Vacate his sentence under 29 U.S.C.A. §2255 (ECF No. 263) which was denied on April 18, 2013 (ECF No. 274).

-1-

summons was issued by the clerks office and shows that it was personally served on the Plaintiff on October 27, 2010. (ECF No. 16-1, p. 33). According to the Affidavit of Mike Conger, Administrator of the Sebastian County Detention Center the summons was served on the Plaintiff, at the Sebastian County Detention Center, on October 27, 2010. (ECF No. 16-1, p. 31). The State of Arkansas filed a Motion for Default Judgment on February 22, 2011 (ECF No. 16-1, p. 27) and the court entered a Default Judgment on February 24, 2011. (ECF No. 16-1, p25-26).[2]

On July 31, 2012 the Plaintiff filed a Motion to Set Aside Judicial Forfeiture in the Sebastian County Circuit Court (ECF No. 16-1, p. 4) but the motion was denied by the Circuit Court on August 1, 2012, (ECF No. 16-1, p. 3). No appeal was taken from this order.

On October 15, 2012 the Plaintiff filed the current 1983 claim against Sheriff Hollenbeck claiming that the Defendant illegally forfeited money, a vehicle and $1000 worth of cheese (ECF No. 1, ¶14) and that the proper procedures were not followed or the items were not contraband. (Id., ¶20).

## II. Discussion

In this case, Plaintiff was given notice of the seizure and the proposed forfeiture of the car an money on October 27, 2010. Pursuant to that notice, Plaintiff did not file an answer and a Default Judgment was entered by the Circuit Court. On July 26, 2012, Plaintiff filed a Motion to Set Aside Judicial Forfeiture contending that he did not receive Notice of the forfeiture proceeding (ECF No 16-1, p. 5). In an Order dated August 1, 2012, Circuit Judge J. Michael

---

[2]On June 11, 2012 the Plaintiff filed a 1983 claim against the State of Arkansas in the Western District of Arkansas claiming that he did not receive proper notice concerning the forfeiture of $162 in U.S. Currency, a 2006 Chevy Impala, and 1000 in value of cheese that was seized at the time of his arrest. (2:12-cv-02127, ECF No.1, ¶6). The claim was dismissed on September 26, 2012. (ECF No. 6).

Fitzhugh denied Plaintiff's Motion indicating that the record reflects that Plaintiff was served with Summons and the Complaint on October 27, 2010, and affirmed the judgment entered on February 23, 2011.

Pursuant to res judicata, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant on the same claim or cause of action. *Bruns Foods of Morrilton, Inc. v. Hawkins*, 328 Ark. 416, 418, 944 S.W.2d 509 (1997). Res judicata bars not only the relitigation of claims that are actually litigated in the first suit but also those which could have been litigated. *Coleman's Serv. Ctr., Inc. v. Federal Deposit Ins. Corp.*, 55 Ark.App. 275, 291, 935 S.W.2d 289 (1996). Where a case is based on the same events as the subject matter of a previous lawsuit, res judicata will apply even if the subsequent lawsuit raises new issues and seeks additional remedies. Id. The test in determining whether res judicata applies is whether matters presented in a subsequent suit were necessarily within the issues of the former suit and might have been litigated therein. *American Standard, Inc. v. Miller Eng'g, Inc.*, 299 Ark. 347, 351, 772 S.W.2d 344 (1989).

The only issue is whether the Plaintiff was provided with proper Notice of the forfeiture proceeding. The evidence clearly establishes that the Plaintiff was served in the Sebastian County Detention Center on October 27, 2010. The jail administrator signed an affidavit attesting to service on the Plaintiff (ECF No. 16-1, p. 31, and he executed the summons on October 27, 2010 showing that the Plaintiff had been served. (Id., p. 33). The Circuit Judge made a judicial determination on August 1, 2012 that the Plaintiff was properly served. (ECF No. 16-1, p. 3). The Plaintiff filed no appeal from the Circuit Court decision. The issues and parties before the court are identical and the Plaintiff's claim is barred by res judicata.

The Plaintiff has also contended that he lost $1000 worth of cheese as a result of the his arrest. The evidence clearly establishes that the State of Arkansas did not seek a forfeiture of the cheese. It is unknown what became of the cheese after the Plaintiff's arrest.

The United States Supreme Court has stated "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy." Hudson v. Palmer 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (U.S.1984)

Arkansas has a remedy for the loss of personal property through its Claims Commission, so there is no federal remedy available to Plaintiff for his alleged loss of property. Furthermore, in Arkansas, the action of conversion is a common law tort action for the wrongful possession or disposition of someone's property. *McQuillian v. Mercedes-Benz Credit Corp.*, 331 Ark. 242, 247 (Ark. 1998). To establish liability for the tort of conversion, a plaintiff must prove that the defendant wrongfully committed a distinct act of dominion over the property of another, which is a denial of or is inconsistent with the owners' rights. *South v. Smith*, 326 Ark. 774, 934 S.W.2d 503 (1996) (*citing Dent v. Wright*, 322 Ark. 256, 909 S.W.2d 302 (1995)); *Reed v. Hamilton*, 315 Ark. 56, 864 S.W.2d 845 (1993*). See also Scott v. Boyd*, No. 3:08cv00136WRW, 2008 WL 4874058 (E.D.Ark. 2008), where the plaintiff inmate sued defendants for damages in a § 1983 action, for property that was lost or stolen while he was incarcerated at the Crittenden County Jail.

The Plaintiff never sought relief through the Arkansas court system for the damage or loss of his personal property as a result of his arrest and, accordingly, no constitutional depravation of the Plaintiff rights occurred concerning the loss of his cheese.

### III. Conclusion

Based upon the forgoing I recommend that the instant Motion to Dismiss (ECF No. 12) be **GRANTED** and the Plaintiff complaint be **DISMISSED with PREJUDICE**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated August 22, 2013

                                                  /s/ *J. Marschewski*
                                            HONORABLE JAMES R. MARSCHEWSKI
                                            CHIEF U. S. MAGISTRATE JUDGE